86 F.3d 1151
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dinah LYNCH, Plaintiff-Appellant,
v.
Stanley DECKER; National Railroad Passenger Corporation
("Amtrak"), Defendants-Appellees.
 No. 95-1943.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 7, 1996.
Decided: June 4, 1996.
 
 ARGUED: James Michael Farrell, Philadelphia, PA, for Appellant. Ransom J. Davis, DANEKER, MCINTIRE & DAVIS, P.C., Baltimore, MD, for Appellees. ON BRIEF: Jeffrey P. Buhrman, DANEKER, MCINTIRE & DAVIS, P.C., Baltimore, MD, for Appellees.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dinah Lynch, an employee of National Railroad Passenger Corporation ("Amtrak"), sued Amtrak both under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq., and common law for negligence in failing to take reasonable precautions to prevent an assault on her by a fellow employee, Stanley Decker. Decker, who was obsessed with Lynch, broke into her house on April 17, 1991, and attempted to murder her with a pistol. Decker had previously harassed Lynch, and a court had placed him on probation, ordering him, under threat of incarceration, to refrain from any further contact with Lynch. Also, Amtrak had previously assigned Decker and Lynch to different train routes and had warned Decker to stay away from Lynch. Following the April 17 assault, Decker was judged criminally insane.
 
 
 2
 The district court granted Amtrak's motion for summary judgment, concluding that there was no reasonable step that Amtrak could have taken to have prevented the assault, nor was it foreseeable. The assault occurred off company property and outside of business hours, and there had been no incidents for the previous six months.
 
 
 3
 We have considered carefully the record made on the motion for summary judgment and the arguments of counsel. For the reasons given by the district court in its thorough opinion, see Lynch v. Decker, Civil Action No. L-91-1864 (D.Md. Aug. 16, 1994), we affirm.
 
 AFFIRMED